## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21CR00160-002 |
| | ) | |
| LOUIS ENRIQUE COLON, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW defendant Louis Enrique Colon, by and through his attorneys, and pursuant to Fed. R. Crim. P. 32, respectfully submits this Sentencing Memorandum for the Court's consideration. The sentencing is scheduled for July 9, 2024 at 10:00 a.m. This Memorandum is filed to aid the Court in imposing a sentence which is sufficient but not greater than necessary to serve the objectives of sentencing as set out in 18 U.S.C. § 3553(a). Mr. Colon respectfully requests a sentence of probation or a non-custodial sentence with conditions the Court deems appropriate. Mr. Colon further requests that the Court follow the parties' recommendation and order him to pay restitution in the amount of $2,000 consistent with the terms of his plea agreement, and consistent with the amount he will tender as full restitution at sentencing.

## I.    INTRODUCTION

On April 27, 2022, Mr. Colon entered a plea of guilty to Count One of the superseding indictment charging him with civil disorder and aiding and abetting in violation of 18 U.S.C. §§ 231(a)(3) and 2. The plea of guilty was entered pursuant to a written plea agreement

between the defendant and the United States. The Court accepted the defendant's guilty plea and ordered the preparation of the Presentence Investigation Report (PSR) by the probation office. The defendant provided certain clarifying information concerning his medical information which was inserted into ¶ 70 of the PSR. On July 1, 2024, the probation office submitted the final PSR.

Mr. Colon's total offense level is 8, Criminal History I, with a resulting guideline range of 0-6 months within Zone A. Pursuant to § 5C1.1(b), if the applicable guideline range places a defendant in Zone A, then "a sentence of imprisonment is not required, unless the applicable guideline in Chapter Two expressly requires such a term."

Mr. Colon respectfully suggests a sentence other than imprisonment is appropriate pursuant to § 5C1.1(b) even without any consideration of the applicability of a departure or variance, or other 18 U.S.C. § 3553(a) factors.

## II.    FACTORS FOR CONSIDERATION IN IMPOSING SENTENCE

There are several mitigating sentencing factors that support Mr. Colon's request for a non-custodial sentence

The defendant pled guilty early and the fact of his cooperation has been referenced publicly. The defendant further rests on the details provided to the Court in a sealed filing.

Additionally, in *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines should be applied in an advisory fashion to meet constitutional demands. *Id.* at 258. In *Kimbrough v. United States*, 552 U.S. 85 (2007), the Supreme Court pointed out that the "[g]uidelines, formerly mandatory, now serve as one factor among several

courts must consider in determining an appropriate sentence." *Kimbrough* at 565.  This holding extends the decision in *Gall v. United States*, 552 U.S. 38 (2007), that all sentences that are either within or outside the Guidelines are entitled to some deference or abuse of discretion standard. Stated differently, the Guidelines standing alone may not give due consideration to mitigating factors under 18 U.S. C. § 3553(a).  Under *Gall, Booker, Kimbrough* and their progeny, this Court's overriding duty is to fashion an individualized sentence that is sufficient but not greater than necessary to achieve the sentencing goals of § 3553(a). *United States v. Gray*, 577 F.3d 947, 950 (8th Cir. 2009) (quoting 18 U.S.C. § 3553(a)); *see also United States v. Butler*, 594 F.3d 955, 967 (8th Cir. 2010) (same). In fashioning such a sentence, this Court looks to the factors set forth in 18 U.S.C. § 3553(a)(1) through (6). In determining a sentence, the Court need only show that it considered the parties' arguments and exercised the Court's authority in a reasoned manner. *See United States v. Gonzalez*, 573 F.3d 600, 607 (8th Cir. 2009). Ultimately, a Court's sentencing decision is subject to a 'deferential abuse-of-discretion standard.' *Id.* (internal citations omitted).  In short, the advisory sentencing guidelines are only a starting point. Any sentencing court must also consider all other sentencing factors under 18 U.S.C. § 3553(a).

## IV.    SENTENCING CONSIDERATIONS UNDER 18 U.S.C. § 3553(a).

### 1.    The History and Characteristics of the Defendant Support the Request for a Below Guideline Sentence.

The Court is required to consider the defendant's history and characteristics prior to imposing sentence. 18 U.S.C. § 3553(a)(1).  Mr. Colon's history and characteristics are set forth in Part C, primarily ¶¶  through 72 – 137 of the PSR.

Mr. Colon is 47 years old.  He was born in Puerto Rico but his family moved to the continental United States when he was 14.  He was the oldest of four children siblings and described his childhood as the son of a pastor and a homemaker as "great."  (PSR at ¶ 74). Mr. Colon's family is supportive of him and has remained so during the pendency of this case.  Mr. Colon's father described his son as "hardworking," "passionate," and "assertive but not aggressive."

Mr. Colon is the father of three adult children from a prior marriage.  Mr. Colon remarried three years ago to his current wife with whom he has been with for nine years. He has a step-daughter.  He also had a step-son who tragically passed away in January 2021. Mr. Colon's wife is supportive of him and described him as "loving" and "someone who helps others."

Mr. Colon received his high school diploma from Charles G. Finney High School in Rochester, NY.  He then attended several colleges and ultimately earned an associate's degree.  Mr. Colon went on to earn a journeyman license from Kansas City Power and Light (now Evergy.)  He is a member of the IBEW Local 1464 in good standing.  Mr. Colon is currently unemployed due to lack of work and to recover from a recent knee surgery.  The employment section of the PSR confirms his acumen and skills as a journeyman.  As evidenced by the education and employment history sections of the PSR, Mr. Colon is not in need of educational or vocational training. Many of the prior employers mentioned that Mr. Colon is eligible for rehire.

Mr. Colon has no history of drug or alcohol misuse.  He does not need counseling or treatment.

Mr. Colon is stable and has the tools to complete a non-custodial sentence satisfactorily. He has the support of his wife and children and other family members. He also has many supportive friends and colleagues within his community who believe in and support him.

Mr. Colon's pretrial reports have been positive and noted no infractions of any kind. During pretrial supervision, he often sought and was granted permission to travel to areas hit by hurricanes and other destructive storms in order to restore electricity.  He proved time and again that he was trustworthy and could follow all directives of the Court and probation office.

Mr. Colon has offered letters in support, attached hereto as Exhibit A.  The letters include one from his sister who described her brother as having demonstrated "exceptional qualities as a father and uncle."  She described his nurturing and support of his children, "ensuring their emotional well-being and providing them with a stable and loving environment to grow and thrive."  Importantly, she discussed her brother's acknowledgement of his wrongdoing in this case and that "he has shown remorse for his past behavior and has taken proactive steps to better himself and his circumstances."

A fellow journeyman who worked with Mr. Colon during hurricane recovery stated that he is "consistently impressed by his care of others…he has a strong work ethic and is sincere in his care for not only his coworkers for the community."  He concluded with the sentiment that Mr. Colon "is a person of good character who is capable of making positive choices."

A close friend described Mr. Colon's expression of remorse as far back as January 6, 2021. "He had deep regret from that day and every day since for being there." She went onto states that Mr. Colon "has shown a steadfast and resolute demeanor in moving past this mistake in a constructive and successful manner."

Mr. Colon's father also wrote to the court that "Enrique knew he had done wrong and so confessed to me..."  He further stated, "This is typical of Enrique since he was a child; when he does wrong, he sincerely admits it, openly takes responsibility for his actions and tries to make reparations."

There are several other letters that are not quoted here; however, all of the letters are a powerful testament to Mr. Colon's true character.

### 2. The Nature and Circumstances of the Offense Support the Request for a Below Guideline Sentence

The Court is required to consider the nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the advisory guideline as calculated, 18 U.S.C. §§ 3553(a)(3) and (a)(4). The Court also is required to consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

This case involves Mr. Colon's participation in the events surrounding January 6, 2021. He acknowledges the serious nature of the offense and the extent of the harm caused by his conduct. To be clear, Mr. Colon accepts responsibility for his conduct. He did not harm anyone associated with the January 6th events or attempt to harm anyone. Regrettably, he did prop open a "garage type door" for others, but did not enter the building itself.

Mr. Colon understands that he must be punished for his actions. However, his punishment should be proportional to the nature of the offense conduct, as well as Mr. Colon's background and true acceptance of responsibility. Mr. Colon's remorse is sincere. He withdrew from his brief association with the Proud Boys. He understands there is no excuse for his criminal conduct. However, as discussed in further detail, he asks the Court to take into consideration the following mitigating circumstances.

### 3. The Need to Protect the Public From Future Crimes by the Defendant.

The Court is required to consider whether a particular sentence is necessary to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)(C). A review of Mr. Colon's history should provide the court with confidence that it is exceedingly unlikely that he will reoffend. The defendant's lack of a significant criminal record, and the fact that he was classified in criminal history category I, supports a finding that the public is adequately protected from future crimes by the defendant if granted a below guideline sentence.

### 4. The Need to Afford Adequate Deterrence to Criminal Conduct.

The Court is required to consider what type of sentence is needed to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). A felony prosecution and federal conviction demonstrates to this defendant and others that this type of conduct will not be tolerated. Additionally, the collateral consequences of the conviction could be significant. However, a below guideline sentence is more than adequate to deter Mr. Colon from committing this type of offense in the future. The fact that this matter was criminally prosecuted as a felony serves as a significant deterrent.

**5.**     **The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.**

Another sentencing factor is referred to as "proportionality" under 18 U.S.C. § 3553(a)(6).  While each case rises on its own facts and personal characteristics of the person involved in the offense conduct, the co-defendant's sentences are of persuasive value.  See PSR at ¶¶ 37-41.

In addition to sentences imposed within his own case, Mr. Colon's conduct can be compared somewhat to other cases that resulted in a conviction under 18 U.S.C. § 231(a)(3) with minimal sentences imposed. In preparation for a proportionality analysis, undersigned counsel reviewed several other cases that are arguably similar, but it is not clear that any of those cases resulted in the type of acceptance of responsibility conduct described in the sealed filing recently filed by the government.

**6.**     **The Need to Provide Restitution.**

Mr. Colon respectfully references his anticipated full restitution payment of $2,000. This payment exemplifies his acceptance of responsibility.  The defendant recognizes that his restitution is only a portion of the overall loss, but it represents his full obligation under the Plea Agreement.  The Eighth Circuit has recognized that extraordinary restitution efforts may provide a basis for a downward departure. *See, e.g., United States v. Oligmueller*, 198 F.3d 669, 672 (8th Cir. 1999) ("We have previously held that cases can fall outside the heartland when there are extraordinary efforts at restitution."); *United States v. Garlich*, 951 F.2d 161, 163 (8th Cir. 1991).  The Tenth Circuit has also recognized that exceptional remorse and related factors can support a downward departure or can be considered by the sentencing

judge. *See, United States. v. Fagan*, 162 F.3d 1280 (10th Cir. 1998). The *Garlich, supra, and Oligmueller, supra*, cases provide support for a departure or variance, or even as general evidence of acceptance of responsibility.  Otherwise, there is no distinction between a defendant who makes restitution efforts and those countless defendants who do not.

### 7.    Remaining 18 U.S.C. § 3553(a) Factors

Mr. Colon's criminal conduct was an aberration in a life otherwise devoted to work and to his wife and family.  A non-custodial sentence will undoubtedly satisfy the statutory objective of providing "just punishment for the offense" to which he pleaded guilty in this case. The likelihood that Mr. Colon will commit other criminal acts in the future is virtually nonexistent. Given his lack of criminal history, the fact of the prosecution, the time he has been under pre-trial supervision, a non-custodial sentence will deter Mr. Colon from future criminal conduct.  Mr. Colon has abided by all conditions of release and has not committed any pre-trial supervision violations during the 41 months he has been supervised in this case. His background demonstrates he is stable and able to comply with the rules of society. Importantly, even if the Court imposes a non-custodial sentence, Mr. Colon will have a felony conviction. The goal of deterrence and punishment will still be satisfied.

The requested non-custodial sentence also satisfies the related statutory objectives of general deterrence and protection of the public. Mr. Colon recognizes the importance of these objectives, and he recognizes the impact of his conduct on society. The fact that Mr. Colon was criminally charged, pled guilty, and now carries a felony conviction is a general deterrent. Imprisonment is not always required to deter others from criminal conduct. The anticipated publication and press release announcing the felony conviction, and its

consequences, and the order of restitution, will adequately deter others who may be considering similar conduct.

Mr. Colon has cooperated fully in bringing this matter to a close, and he is a worthy candidate for a non-custodial sentence. Mr. Colon's willingness to enter a plea has saved substantial resources for the government.

## V.    CONCLUSION

Mr. Colon fully accepts responsibility for his criminal conduct. He has not and will not diminish or excuse his actions. For the reasons stated in this memorandum, Mr. Colon respectfully requests a sentence of probation or a non-custodial sentence with conditions the Court deems appropriate.  Should the court be inclined to impose a non-custodial term, the defendant requests that the court modify condition of supervision number 3 in ¶ 185 of the PSR to allow him to travel outside the federal judicial district where he resides for the purpose of work.  The ultimate objective is to impose a sentence that is "not greater than necessary" to achieve the goals set out in 18 U.S.C. § 3553(a).  A probation or other non-custodial sentence satisfies this objective.

Respectfully submitted,


WYRSCH HOBBS & MIRAKIAN, P.C.

By:    /s/ James R. Hobbs
        JAMES R. HOBBS DC #MO0022
        One Kansas City Place
        1200 Main St., Suite 2110
        Kansas City, Missouri 64105
        Tel:  (816) 221-0080
        Fax:  (816) 221-3280
        jrhobbs@whmlaw.net

        ***ATTORNEYS FOR DEFENDANT***




## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of July, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.



        /s/ James R. Hobbs
        ***ATTORNEY FOR DEFENDANT***